MINER v GREVE Admr.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16861. Dated July 17, 1939

Boyd, Brooks & Wickham, Cleveland, for plaintiff-appellee.

Greve & Greve, Cleveland, and H. F. Pattie, Cleveland, for defendant-appellant.

## OPINION

By ROSS, J.

The plaintiff was the sister of the decedent of the defendant, administrator.

The plaintiff was married and lived with her husband and children in a house adjacent to that occupied by the decedent, her father and brother. A common driveway separated the premises. The father of the decedent died in 1911. At that time, the decedent, who never married, had no way of furnishing herself with the necessities of life. The plaintiff entered into an agreement with the decedent shortly after the death of their father, by which it was understood that the plaintiff should furnish her sister with all necessities and luxuries, pay her bills and that the decedent, in consideration of such action on the part of the plaintiff, would leave all her estate by will to the plaintiff. The brother of decedent died in 1932. Decedent died in 1936. The plaintiff fully performed all that she promised to do.

The decedent left an instrument purporting to be a will, but the same was ineffective as such, due to irregularity of execution. This will was introduced in evidence, and its effect limited to showing that the rendering of the services and the furnishing of materials were not gratuities. We find no error in this action of the court.

The petition contained allegations covering the facts just stated.

The defense was based upon the statute of frauds and the statute of limitations.

The court properly applied the statute of frauds at the trial, holding the contract was ineffective, and that the cause of action of the plaintiff was laid in quantum meruit for money had

and received to the use of the decedent.

The court refused to apply the statute of limitations, basing its decision upon the predicate that the cause of action in favor of the plaintiff did not arise until the death of the decedent sister. In this conception of the action, we find no error.

The plaintiff unquestionably has the right to abandon the unenforceable contract and sue in quantum meruit, as she has done.

Usually in such actions, there is a presumption that the party unjustly enriched will pay for that which such party has received within a reasonable time after the receipt. This inference may be negatived by actual fact, wholly independent of any contract. This was the case here.

The plaintiff was precluded from any action of any kind until the **death** of the decedent **intestate**. When the sister died, leaving no will in favor of the plaintiff, then, and not until then, a cause of action arose for money had and received to the use of the decedent, for which she should, in all equity compensate the plaintiff.

This action is an anomoly in the law, in that, although it is a common law action, it is predicated upon equitable principles.

Authority for our conclusion is found in **Wellston Coal Co. v Franklin Paper Co., 57 Oh St 182; Snider, Executor v Rollins, 102 Oh St 372; Southard, Admr. v Curson, 13 Oh Ap 289.**

The judgment is affirmed.

HAMILTON, PJ. and MATTHEWS, J., concur.